## STATE OF CONNECTICUT *v.* JOSHUA MILOTTE
## (SC 17695)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued February 6—officially released March 13, 2007

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Robin S. Schwartz*, assistant state's attorney, for the appellant (state).

*Martin Zeldis*, public defender, with whom was *Karen Goodrow*, public defender, for the appellee (defendant).

*Opinion*

PER CURIAM. The state appeals, following our grant of its petition for certification,[1] from the judgment of

---

[1] We granted the state's petition for certification to appeal limited to the following issue: "Whether the Appellate Court properly concluded that the trial court properly granted the [defendant's] motion to suppress evidence resulting from a warrantless investigatory stop of his vehicle, on the ground that the police officer lacked a reasonable and articulable suspicion of criminal activity to justify the stop?" *State* v. *Milotte*, 279 Conn. 906, 901 A.2d 1228 (2006).

the Appellate Court affirming the judgment of the trial court that suppressed certain evidence and dismissed charges against the defendant, Joshua Milotte, of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a. *State* v. *Milotte*, 95 Conn. App. 616, 625, 897 A.2d 683 (2006). On appeal, the state claims that the Appellate Court improperly concluded that, based on the facts of this case, "the driver was not operating the vehicle in an erratic or dangerous manner or otherwise engaged in or about to engage in criminal activity and because there was no report of recent crime in the area, the officer lacked a particularized and objective factual basis to warrant an investigatory stop. An officer's suspicion grounded in a speculative belief that the operator was engaged in avoidance behavior lacks the specific and objective basis necessary to conclude reasonably that an investigatory detention is justified." Id., 617.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.